WEDGE, Respondent, vs. GAPINSKI and another, Appellants.

*May 10—June 6, 1922.*

*Automobiles: Negligence of driver: Son on business of father:
    Trial: Offer of liability insurance policy: Briefs on appeal:
    Distortion of record.*

1. Where one of the defendants purchased an automobile to take
   him and other members of his household to and from their
   places of work, and on one occasion when his son, the other
   defendant, called for him at his place of employment, directed
   the son to first call for the others, the son in doing so was
   the father's servant or agent acting within the scope of his
   employment, and the father was liable for his negligence.

2. Where at the trial some question was raised as to the ownership
   of the automobile, and plaintiff's counsel offered in evidence
   a liability insurance policy on the automobile claimed to have
   been taken out by the father, the offer being limited to the
   question as to ownership of the car, and the policy not being
   received in evidence, there was nothing which can be deemed
   prejudicial to defendants.

3. Where the court charged that if the defendant son was driving
   on the left-hand side of the street, and the jury were satis-
   fied by a preponderance of all the credible evidence that this
   was the proximate cause of plaintiff's injuries, they would
   answer the question as to proximate cause "Yes," and if not
   so satisfied they would answer it "No," it was a plain violation
   of counsel's duty to state in his brief, in effect, that the court
   charged that if the jury found that the son was driving on the
   left-hand side of the street they were bound to answer the
   second question "Yes," and such distortion of the record by
   counsel is condemned.

APPEAL from a judgment of the circuit court for Mil-
waukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

The plaintiff was run into and severely injured on Lincoln
avenue in the city of Milwaukee east of its intersection with
Forest Home and Muskego avenues and on the north side of
Forest Home cemetery. The plaintiff's testimony was to
the effect that he crossed from the south side of Lincoln
avenue, and just before reaching the north sidewalk he was
met by a team of horses and wagon and stepped around to

the rear of it and then was struck by an automobile driving in an easterly direction.

The defendant *Walter* as well as three other occupants of the automobile testified that the accident occurred several hundred feet east of where plaintiff claimed that it did; that there was no other vehicle on the street at the time; that the plaintiff stepped off the south curb and immediately into the path of the automobile, and that the collision occurred south instead of north of the center of the street.

By special verdict it was found that the automobile was being driven at the time of the injury to the left or north of the center line of Lincoln avenue and that such driving on the north side (which under the city ordinance was the wrong side) was the proximate cause of the injury. They negatived any contributory negligence on the part of the plaintiff and assessed his damages at the sum of $2,500.

Upon motions made by the respective parties the trial court directed judgment for the plaintiff. From such judgment the defendants have appealed.

*J. Elmer Lehr* of Milwaukee, for the appellants.

For the respondent there was a brief by *Edgar L. Wood,* attorney, and *Charles F. Millmann,* of counsel, both of Milwaukee, and oral argument by *Mr. Millmann.*

ESCHWEILER, J. It is contended on the part of the defendant *Walter Gapinski,* the driver of the automobile, that his testimony and that of the three other occupants of the automobile, all to the effect that the automobile was on the proper side of the highway and was being driven in a careful and prudent manner, so overwhelms the testimony of the plaintiff alone to the contrary that the verdict of the jury should not be permitted to stand. An examination of the record discloses that the jury were justified in their finding that the plaintiff's version as to the place and manner of the accident could be properly believed and the verdict in that regard must stand.

The defendant *John Gapinski* was an elderly man, somewhat lame, and employed in a manufacturing plant in the southeastern part of the city of Milwaukee, and purchased the automobile in question for the purpose of taking him to and from his place of work and for a similar use for other members of the household.

On this particular evening the defendant *Walter,* son of defendant *John,* called for his father at the usual time, but that he, not then being ready to quit, directed the son to proceed to get other members of the household at their place of employment, and the accident occurred while the automobile was being thus used.

Under this state of the undisputed facts it clearly appears that the automobile at the time of the injury was being driven by the defendant *Walter* in carrying out the direction and purpose of the defendant *John Gapinski.* The son was at such time the servant or agent of his father and acting within the scope of the employment. The negligence of the defendant *Walter* was therefore, as a matter of law, such as to create a liability on the part of the defendant *John Gapinski* for the resulting injuries to the plaintiff.

Some question is raised as to the rulings of the court in connection with the offer in evidence by plaintiff's counsel of a liability insurance policy which it was claimed had been taken out by the defendant *John Gapinski* on this particular automobile. Such offer was expressly limited, however, to the question apparently being raised as to the ownership of the automobile. The policy was not received, and nothing in the proceedings connected therewith can be deemed to have prejudiced the appellants.

We find nothing in the record or suggested in appellants' brief why the judgment should not be affirmed.

We regret that it is necessary to call attention to the practice resorted to by appellants' counsel.

The first question of the special verdict inquired of the jury as to whether the automobile at the time of the accident

was on the north, and therefore the wrong, side of Lincoln avenue; and the second question, only to be answered in case the jury answered such first question in the affirmative, was as to whether or not such driving on the north side was the proximate cause of plaintiff's injury.

In discussing the errors alleged to have arisen during the trial and under the heading "Charge of court to jury," the appellants' brief contained the following:

"The jury were further told that if they find by the answer to the first question that *Walter Gapinski* was driving on the left side of the street at the time plaintiff was injured, that such fact was the proximate cause of plaintiff's injuries, and they would be required to answer the second question 'Yes.'

"We submit that under the testimony in the case this instruction was error and resulted in being misunderstood by the jury and in the jury answering the questions against the greater weight and preponderance of the evidence."

Such statement can have reference to no other part of the judge's charge than that which is found in the record as follows:

"If you find by your answer to the first question that *Walter* was driving on the left side of the street—that is, left of the center line of the street—at the time plaintiff was injured, and are satisfied by a preponderance of the credible evidence in the case that such fact was the proximate cause of the plaintiff's injuries, you will answer the second question 'Yes.' If you are not so satisfied, then you must answer the question 'No.'"

It is quite evident that the language above quoted from the brief must have been intended to convey to us the idea that the trial court instructed the jury that if they arrived at an affirmative answer to the first question they were then bound to answer the second question also "Yes." Nothing else is suggested as being error in the charge in that regard in the language quoted from the brief or in any other place. The statement in the brief as to the charge, if taken at its

face value, would have shown reversible error in the trial. The instruction given was correct and could have conveyed no such suggested idea to the jury. Such a distortion of the record and the use made thereof in appellants' brief is a plain violation of the express and implied duty of counsel to present the record as it really is. Such practice merits and now receives our condemnation.

*By the Court.*—Judgment affirmed.